**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAURICE MCCULLERS,<br><br>    Claimant,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Civil Action No.: 2:14-cv-06361 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge.**

## I. INTRODUCTION

Before the Court is Claimant Maurice McCullers' appeal ("Claimant") seeking review of a final determination by the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under §§ 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act ("SSA"). For the reasons set forth below, this Court affirms the Commissioner's decision.

## II. BACKGROUND

On July 13, 2009, Claimant applied for DIB and SSI alleging that he was disabled since July 2, 2009 due to a lung impairment, depression, stomach surgery, and hepatitis C. (R.[1] at 108-20, 135.)[2] Both applications were denied initially on December 11, 2009 and on reconsideration on April 21, 2010. (Id. at 54-59, 64-69.) On May 4, 2011, a hearing was held before

---

[1] "R" refers to the certified record of the administrative proceedings.
[2] Further facts and an analysis of the Claimant's medical history will be adduced below.

Administrative Law Judge ("ALJ") Leonard Olarsch. No vocational expert ("VE") was present to testify. ALJ Olarsch issued a decision on June 7, 2011, finding that Claimant was capable of performing light work that accommodated his nonexertional limitations. (Id. at 7-21, 22-49.) After the Appeals Council ("AC") declined Claimant's request to review the ALJ's decision (Id. at 6), Claimant appealed to this Court. On October 23, 2013, Judge Katherine S. Hayden issued an order remanding the case for a new hearing with VE testimony and so the ALJ could describe each exertional and nonexertional limitation from severe impairments in the hypothetical questions posed to the VE. (Id. 416-418.)

On remand, ALJ Olarsch held a supplemental hearing on April 30, 2014, where Claimant and a VE testified. (Tr. 383-411.) On August 12, 2014, the ALJ concluded Claimant was not disabled under §§ 216(i), 223(d), and 1614(a)(3)(A) of the SSA. (Tr. 371.) On October 14, 2014, Claimant timely filed this action. (ECF No. 1.)

### III.   LEGAL STANDARD

#### A.   Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings. Chandler v. Comm'r Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011); see also 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Chandler, 667

F.3d at 359 (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" Daniels v. Astrue, No. 4:08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. Cruz v. Comm'r of Soc. Sec., 244 F. App'x 475, 479 (3d Cir. 2007) (citing Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)).

**B.     Determining Disability**

Pursuant to the SSA, in order to be eligible for benefits, a claimant must show that he is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Taking into account the claimant's age, education, and work experience, disability will be evaluated by the claimant's ability to engage in her previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). A person is disabled for these purposes only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

3

Decisions regarding disability will be made individually and will be "based on evidence adduced at a hearing." Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000) (citing Heckler v. Campbell, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(a)(3)(D).

### C. Sequential Evaluation Process

The SSA follows a five-step, sequential evaluation to determine whether a claimant is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in gainful activity. Sykes, 228 F.3d at 262. Second, if he is not, the ALJ determines whether the claimant has an impairment that limits his ability to work. Id. Third, if he has such an impairment, the ALJ considers the medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). If it is, this results in a presumption of disability. Id. If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains in spite of his impairment. Id. at 263. Fourth, the ALJ must consider whether the claimant's RFC is enough to perform his past relevant work. Id. Fifth, if his RFC is not enough, the ALJ must determine whether there is other work in the national economy the claimant can perform. Id.

The evaluation continues through each step unless it is determined at any point that the claimant is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one, two, and four, upon which the burden shifts to the Commissioner at

4

step five. Sykes, 228 F.3d at 263. Neither party bears the burden at step three. Id. at 263 n.2.

## IV. DISCUSSION

### A. Summary of the ALJ's Findings

At step one, the ALJ found that Claimant met the insured status requirements of the SSA and has not engaged in substantial gainful work activity since the onset date of the alleged disability. (R. at 362.) Although the Claimant engaged in some work in 2011, the ALJ determined this work did not rise to the level of "substantial gainful activity." (Id.)

At steps two and three, the ALJ found Claimant's impairments were "severe," but not severe enough to meet, either individually or in combination, any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (Id. at 363-64.) The ALJ determined Claimant had the following severe impairments: (1) lung impairment consisting of chronic obstructive pulmonary disease ("COPD") and pneumothorax, which significantly interferes with lifting, carrying, pushing, and pulling; (2) residuals from stomach surgery, which significantly interfere with lifting, carrying, pushing, and pulling; (3) substance abuse and a history of Hepatitis C causing liver disease, which significantly interfere with lifting, carrying, pushing, and pulling and has contributed to Claimant's difficulty understanding, remembering, and carrying out instructions and making work-related decisions; and (4) depression, which interferes with Claimant's understanding, remembering, and carrying out instructions, making work-related decisions, and coping with change in the work setting. (Id.) The ALJ determined these impairments do not rise to the level of meeting soft tissue injury of medical listing 1.08, chronic pulmonary insufficiency of medical listings 3.02A and 3.02B, gastrointestinal hemorrhaging of medical listing 5.02, chronic liver disease of medical listing 5.05, and mental impairment of medical listings 12.04 and 12.09.

(Id. at 364.)

The ALJ concluded Claimant has the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), with the additional limitation of "simple, routine, repetitive tasks involving simple work-related decisions and few workplace changes." (Id. at 365.) To make this conclusion, the ALJ considered all symptoms and their consistency with the evidence.

Specifically, the ALJ considered the medical evidence which demonstrated that, while Claimant could not reasonably be expected to lift or carry in excess of twenty pounds occasionally or in excess of ten pounds frequently, greater limitations are not warranted by either the lung impairment or the stomach pain. (Id. at 367-68.) The ALJ noted that a pulmonary function test in March 2014 was within normal limits, Claimant has not heeded his physicians' numerous warnings to stop smoking, and Claimant is able to maintain many activities, such as walking thirty minutes to his hearing in May 2011. (Id.) The ALJ further considered the opinion evidence of Claimant's primary care physicians and noted that disability is defined differently for some programs that are not covered by the SSA. (Id.) Therefore, the ALJ determined, the Claimant's physicians' statements that they would certify disability in other instances is not dispositive in this context and those statements are not consistent with the totality of the other objective and subjective evidence in the record. (Id. at 367.)

Additionally, the ALJ considered Claimant's subjective complaints of depression, head problems, and limited memory, which demonstrated that, while Claimant could not be expected to engage in anything but simple, routine, repetitive tasks involving simple work-related decisions and few workplace changes, greater limitations on mental work-related activities are not supported by the record as a whole. (Id. at 368-69.) The ALJ noted that Claimant has not received mental

6

health treatment (except for a drug and alcohol abuse program two years ago), has not been prescribed psychotropic medication, and manages his drinking simply by attending church most Sundays. (Id. at 369.)

At step four, the ALJ found that because Claimant is only capable of performing light work, Claimant is unable to perform his past work as a laborer because "[t]hat job involves medium or heavy exertion." (Id. at 370.)

Finally, at step five, the ALJ considered Claimant's age, education, work experience, and RFC and concluded Claimant has the ability to work in jobs that exist in significant numbers in the national economy. (Id.) The ALJ emphasized that Claimant was only 44 years old on the alleged disability onset date, which is defined as a younger individual, and Claimant is able to communicate in English. (Id.) To determine the effect of Claimant's nonexertional limitations on his ability to work, the ALJ asked the VE whether jobs exist in the national economy for an individual with the Claimant's age, education, work experience, and RFC. (Id. at 371.) The VE testified Claimant would be able to perform the requirements of representative occupations such as photocopy machine operator, small part assembler, and sealing/cancelling machine operator. (Id.) The ALJ determined the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles and found that "claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Id.) Thus, the ALJ concluded that Claimant is not disabled under §§ 216(i), 223(d), and 1614(a)(3)(A) of the SSA. (Id.)

**B.  Analysis**

Claimant makes the following arguments in support of his contention that the ALJ's

decision should be reversed: (1) The ALJ did not comply with Judge Hayden's remand order; and (2) The ALJ's RFC determination was not supported by substantial evidence. (Br. at 10-11.) The Court will address each argument in turn.

### 1. The ALJ's Compliance With Judge Hayden's Remand Order

Claimant argues the ALJ did not comply with Judge Hayden's remand order because the AC's remand order did not convey Judge Hayden's instructions. (Br. at 11.) Judge Hayden's remand order required the ALJ to (1) have a VE testify at the hearing to clarify the effect of Claimant's nonexertional limitations on his occupational base; and (2) to describe and enumerate each exertional and nonexertional restriction affecting Claimant at step 2 and make such enumeration part of every hypothetical question posed to the VE. (R. at 418.) The Court finds that the ALJ complied with Judge Hayden's remand order.

First, the AC's remand order references Judge Hayden's decision and provides the ALJ instructions in accordance with Judge Hayden's order. (Tr. at 421-22 ("Upon remand, the [ALJ] will: Obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base . . . . The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The [ALJ] will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy . . . . Further, before relying on the [VE] evidence the ALJ will identify and resolve any conflicts between the occupational evidence provided by the [VE] and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations . . . ."))

Second, the ALJ complied with the AC's instructions. As ordered by Judge Hayden, a VE

testified at the supplemental hearing. The ALJ explicitly asked the VE if there were jobs existing in the national economy for a "hypothetical individual with Claimant's education, training, and work experience, limited to the full range of light work, limited to simple, routine, repetitive tasks involving simple, work-related decisions and few workplace changes." (R. at 396.) The VE testified that there were, and enumerated multiple examples. (Id. at 396-97.) Thus, the VE testified at the supplemental hearing as to the effect of Claimant's nonexertional limitations (limited to simple, routine, repetitive tasks involving simple, work-related decisions and few workplace changes) on his occupational base (limited to the full range of light work). In addition, at step 2, the ALJ described and enumerated each exertional and nonexertional restriction affecting Claimant. (R. at 363-64.) Moreover, as described above, these limitations were made part of every hypothetical question posed to the VE. (Id. at 396.) Thus, the ALJ's decision complied with Judge Hayden's remand order.

### 2. The ALJ's RFC Determination

Claimant also argues that the ALJ's RFC determination was not supported by substantial evidence. Specifically, Claimant asserts that while the ALJ found Claimant is capable of performing light work, which "requires the ability to walk and stand six hours per day, to lift and carry 10 pounds all day and 20 pounds 1/3 of the day, approximately 2.5 hours every day," the ALJ did not explain why Claimant "can sustain this level of exertion while suffering from Hepatitis C, bleeding ulcer and COPD with consistent findings of decreased breath sounds in both lungs has repeated pneumothorax (collapsed lung) and a "moderate" restriction in pulmonary function test." (Br. at 18.)

This Court finds that the ALJ's RFC determination was supported by substantial evidence.

With respect to Claimant's physical limitations, the ALJ considered the generally routine nature of Claimant's treatment for COPD with inhalers, the absence of more than moderate restriction on routine pulmonary function tests, and Claimant's failure to heed the numerous warnings to stop smoking and found that Claimant was capable of performing light work. (R. at 367.) Further, the ALJ noted that physical examinations after Claimant's abdominal surgery on July 2, 2009 did not reveal tenderness of the abdominal wall hernia, and have not revealed enlargement, tenderness, or nodularity of his liver. (R. at 368.) The ALJ noted that the hepatitis that was diagnosed in November and December of 2011 based upon liver function tests was unaccompanied by any sign or symptom of liver impairment, and that Claimant did not undergo any treatment for hepatitis after July of 2009, his alleged onset date. (R. at 368.) The ALJ considered that although Claimant complained of a few bouts of epigastric/abdominal pain after July of 2009, these bouts had not persisted enough to rest in a finding of disability. (R. at 368.) Claimant responded to Omeprazole, consistently denied ongoing symptoms of gastritis, esophagitis, reflux or ulcers, and had shown no physical sign of any of these conditions at his medical visits. (R. at 368, 482, 534, 546.) Thus, the ALJ's determination that Claimant was limited to a RFC for light work is supported by substantial evidence.

## V.   CONCLUSION

For the foregoing reasons, the Court will affirm the ALJ's decision. An appropriate order accompanies this Opinion.

DATED: December 10, 2015

_____
CLAIRE C. CECCHI, U.S.D.J.

10